```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                            :
UNITED STATES OF AMERICA    :
                            :   Crim. No. 16-95 (NLH)
     v.                     :
                            :
HAASHIM JOHNSON,            :            OPINION
                            :
          Defendant         :
_____:
```

**APPEARANCES**:

JULIE A. McGRAIN
FEDERAL PUBLIC DEFENDER'S OFFCIE
800-840 COOPER STREET, SUITE 350
CAMDEN, NJ 08102

    *Counsel for Defendant*

PATRICK C. ASKIN
OFFICE OF THE U.S. ATTORNEY
401 MARKET STREET, 4TH FLOOR
CAMDEN, NJ 08101

    *Counsel for the United States*

**Hillman, District Judge**

    Before the Court are three (3) pending motions from Defendant Haashim Johnson ("Defendant").  Defendant filed a (1) pro se Motion for Reduction of Sentence Under the First Step Act on February 5, 2020 [Dkt. No. 15], followed by two briefs in support of his motion filed by Assistant Federal Public Defender ("AFPD") Julie A. McGrain.  [Dkt. Nos. 19, 21].  Attorney Justin

1

Loughry then filed two motions on Defendant's behalf on August 24, 2020: a (2) Motion for Compassionate Release and a (3) Motion to Seal Exhibits C and F of the Motion for Compassionate Release.[1]  [Dkt. Nos. 25, 26].  The Government sought clarification regarding the status of these motions filed by different counsel, and Attorney Loughry advised on September 23, 2020 that Defendant "understands and agrees that the most efficient way to resolve his pending claims would be to proceed now with his First Step Act motion, while staying or holding in abeyance his Compassionate Release Motion."  [Dkt. No. 28].  The Government then responded in opposition in October 2020 [Dkt. No. 29] and AFPD McGrain replied to that response.  [Dkt. No. 30].  Subsequently, Defendant has updated the Court with information on the virus status at his residential reentry center, his post-sentencing rehabilitation efforts, and his recent release from a halfway house to begin his term of supervised release on May 12, 2021.  [Dkt. Nos. 31, 32, 33].

In his recent letter from June, Defendant argues that his motion is "not moot because this Court can still reduce his term of supervised release," despite completion of the custodial portion of his sentence.  [Dkt. No. 33].  Defendant is now serving a two-year term of supervised release, and requests that

---

[1] Loughry has not entered an appearance in this case and therefore is not counsel of record.

2

the Court grant his motion and reduce his term of supervised release to a maximum of 12 months on each Counts One and Two, to run concurrently. Defendant also advises that he is gainfully employed at a funeral home. [Dkt. No. 34]. For the reasons expressed below, Defendant's First Step Act Motion [Dkt. No. 15] will be denied, Defendant's Motion for Compassionate Release [Dkt. No. 25] will be denied as moot, and Defendant's Motion to Seal [Dkt. No. 26] will be granted.

**Background**

On July 21, 2003, Defendant Johnson pled guilty in the District Court for the Eastern District of Pennsylvania ("EDPA") to Count One of the Indictment in this matter, possession of over two kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and to Count Two, possession of over one kilogram of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and was thereafter sentenced to 180 months' incarceration. [Dkt. No. 19 at 1-2].

At the time Defendant was sentenced, his Count Two conviction for possession of crack cocaine with intent to distribute was a Class A felony, subject to a statutory punishment range of 10 years to life imprisonment. His conviction under Count One for possession of cocaine with intent to distribute was a Class B felony, subject to a statutory

3

punishment range of 5 to 40 years. Id. In 2003, the federal sentencing scheme applied a "100-to-1 ratio between crack cocaine and powder cocaine offenses." Id.

Six years into his sentence, Defendant moved under 18 U.S.C. § 3582(c)(2) for a reduction of sentence due to Amendment 782 of the United States Sentencing Guidelines. [EDPA Dkt. No. 40-41]. The Honorable Judge Legrome D. Davis granted the motion and lowered Defendant's term of imprisonment from 180 to 160 months. [EDPA Dkt. No. 42]. Judge Davis cited "[D]efendant's previously demonstrated propensity toward violence" as reasoning for his refusal to grant a larger sentence reduction. *Id.*

Prior to Defendant's prosecution in EDPA, police in New Jersey had arrested Defendant for numerous firearm and drug trafficking charges. Defendant pled guilty to charges arising from those arrests, and judges from the Superior Court of Camden County sentenced Defendant to a term of imprisonment to run concurrently with his federal sentence. [PSR ¶¶ 41-45]. On August 11, 2003, Defendant pled guilty to aggravated assault, related to a shooting incident at a New Jersey nightclub. [EDPA Dkt. No. 41 at 7]. Defendant subsequently asked Judge Davis to advise the Bureau of Prisons that the Court had intended Defendant's federal and New Jersey state sentences to run concurrently, and Judge Davis denied that request. [EDPA Dkt. No. 44].

4

On September 30, 2015, Defendant completed his federal and state prison sentences and began serving a five-year term of supervised release. See Ex. 4, Amended Violation of Supervised Release Report (12D), dated June 18, 2019. Judge Davis transferred supervision of Defendant from EDPA to the District of New Jersey on February 19, 2016. [Dkt. No. 1]. On May 15, 2017, police arrested Defendant in Cherry Hill, New Jersey with approximately seven pounds of marijuana, and Defendant later pled guilty in the Superior Court of Camden County to possession with intent to distribute marijuana. See Ex. 4. Defendant was sentenced to five years' imprisonment with a two-year period of parole ineligibility. Id. at 4.

Subsequently, Defendant was charged with violating his term of supervised release by committing a state criminal offense, and he entered a guilty plea on June 18, 2019. [Dkt. No. 12]. Prior to his plea of guilty, the Court instructed Defendant that he faced three years on Count One of the Indictment (a Class B felony) and five years on Count Two of the Indictment (a Class A felony), for a maximum possible period of imprisonment of eight years, as the sentences for each count could run consecutively. See Transcript of Plea Hearing on Violation of Supervised Release, Dkt. No. 19-2, at 6-13.

Ultimately, the Court imposed a revocation sentence of 36 months' imprisonment on Count Two, to run consecutively with the

sentence previously imposed by the state court, followed by a new term of two years of supervised release. See Dkt. No. 13-14. On Count One, the Court imposed a concurrent term of 24 months' imprisonment, to be followed by 12 months of supervised release to run concurrently. Id. The Court pointed to the pattern and seriousness of Defendant's criminal history, and the fact that he committed additional drug crimes while on supervised release. Id.

Defendant was released from a halfway house on May 12, 2021 and began serving a two-year term of supervised release. [Dkt. No. 33]. Per his most recent letter to the Court on June 9, 2021, Defendant avers that his Motion for a Reduced Sentence Under Section 404(b) of the First Step Act is not moot since, while he has served his term of incarceration, he is still serving a term of supervised release and asks as relief that this Court "reduce his term of supervised release to a maximum of 12 months on each of Counts One and Two to run concurrently." Id.

**Legal Standard**

In 2010, the Fair Sentencing Act ("FSA") increased the drug quantities necessary to trigger mandatory minimum penalties for distribution of crack cocaine. In 2018, the First Step Act made the statutory changes under the Fair Sentencing Act of 2010 retroactive to persons who were prosecuted for offenses

6

committed prior to August 3, 2010.  Under Section 404(b) of the First Step Act, a district court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010...were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5194 (2018).

A "covered offense" is defined in subsection (a) to mean a "violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010" that was committed before August 3, 2010.  Section 2 of the FSA increased the quantity of crack cocaine to 280 grams to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A)(iii), and to 28 grams under 21 U.S.C. § 841(b)(1)(B)(iii).  Section 3 of the FSA eliminated the mandatory minimum for simple possession under 21 U.S.C. § 844(a).

As for limitations on relief under the First Step Act, the text of the statute prohibits the Court's discretion only if the sentence was previously imposed or reduced in accordance with the Fair Sentencing Act of 2010, or if a previous motion to reduce sentence under the First Step Act was denied after "a complete review of the merits."  Id., § 404(c).

**Discussion**

As Defendant recently completed the custodial portion of his sentence and is now serving his term of supervised release, the only remaining issue before the Court is whether to grant Defendant's request to reduce his term of supervised release from a period of two years to a maximum term of 12 months on each of Counts One and Two, to run concurrently. While the Court recognizes that it has the authority to reduce Defendant's revocation sentence and term of supervised release, it will decline to do so for the reasons that follow.

1. **Defendant's "covered offense" and revocation sentence**

Defendant argues that he was convicted of a "covered offense" and the Government concedes this point. Count 2 of the Indictment charged Defendant with violating 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), a conviction that qualifies as a "covered offense" under Section 404(a) because the Fair Sentencing Act increased the quantity of cocaine base necessary to trigger § 841(b)(1)(A)(iii)'s penalties. The Government "recognizes that applying the Fair Sentencing Act retroactively to Johnson would reduce his revocation Guideline range from 30-37 month's imprisonment to 18-24 months' imprisonment on Count Two." See U.S.S.G. Section 7B1.4(a). [Dkt. No. 29 at 6]. As Defendant has completed his term of imprisonment, the Court will focus solely on his current term of supervised release.

Section 404 grants the Court broad discretion to reduce sentences of both imprisonment and supervised release. Courts have held that the exercise of that discretion is governed by a consideration of the 18 U.S.C. § 3553(a) factors. In United States v. Easter, 975 F.3d 318 (3d Cir. 2020), the Third Circuit held that "when deciding whether to exercise its discretion under § 404(b) of the First Step Act to reduce" an eligible "defendant's sentence, including the term of supervised release, the district court must consider all of the § 3553(a) factors to the extent they are applicable." Id. at *6.

2. **Sections 3553(a)(4)(B) and 3553(a)(5)**

Defendant argues, and the Government concedes, that Sections 3553(a)(4)(B) and (a)(5) weigh in Defendant's favor. The Court agrees that these factors, with respect to the sentencing range established for violations of supervised release and pertinent policy statements issued by the Sentencing Commission, weigh in support of Defendant's release.

3. **Sections 3553(a)(1) and 3553(a)(2)(A)-(C)**

The Court thus must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes

9

of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. § 3553(a)(1) and (2).

The Court observes that Defendant has consistently, often while on bail, probation, or supervised release, committed numerous drug trafficking and illegal firearm possession offenses.  The Court will not recount the litany of Defendant's past offenses, but is compelled to note that, previously, it found Defendant had a total of 9 convictions.  See Sentencing Transcript, Dkt. # 19-3, at p. 40.  This number is significant, and the pattern of Defendant's past behavior gives the Court great concern.  In this instant matter, Defendant was previously on supervised release for a drug-related matter in the Eastern District of Pennsylvania when he was located, arrested, prosecuted, and convicted of possession with attempt to distribute approximately 7 pounds of marijuana in Cherry Hill, New Jersey.  See Ex. 4; Sentencing Transcript, Dkt. # 19-3, at p.44-45.  This is a serious offense that the Court cannot simply overlook, especially given the revocation circumstances. § 3553(a)(2)(A).  And as past behavior may be the best predictor of future behavior the risk of recidivism here is high. § 3553(a)(2)(B).

Upon Defendant's previous release from incarceration, he was gainfully employed at his wife's funeral home and had the support of his family while on supervised release. See Transcript of Sentencing Hearing, September 17, 2019, Dkt. #19-3, p. 15. Nevertheless, he returned to criminal conduct while under supervision. While he continues to have the support of his family and employment with his wife's funeral home business, that support was not enough before which counsels this Court to continue the Defendant on the same terms of supervised release determined appropriate at this revocation hearing.

In sum, this Court recognizes its authority to reduce Defendant's term of supervised release but it is not obligated to do so if past and present circumstances make such a determination inconsistent with § 3553(a). "[W]hile a district court 'may' impose a reduced sentence, it is not required to do so." United States v. Easter, 975 F.3d 318, 327 (3d Cir. 2020).

As noted at the sentencing hearing for Defendant's previous violation of supervised release ("VOSR"), the Court acknowledges the conflict between Defendant's supportive wife and family and his continued choices to break the law. [Transcript of Sentencing Hearing, September 17, 2019, Dkt. No. 19-3 at p. 43]. And as set forth in additional filings with the Court it appears that Defendant continues to take on new responsibilities at work and care for his family. [Dkt. No. 34]. But Defendant has a

significant criminal record, including acts of violence, and the Court does not find on balance that the § 3553(a) factors warrant a reduction to his current two-year term of supervised release.  Within 20 months of Defendant's release after serving over 13 years of concurrent state and federal prison sentences, he violated his term of supervised release by engaging in criminal activity with approximately 7 pounds of marijuana in his vehicle and other evidence of drug trafficking.  [See Ex. 4; Sentencing Transcript, Dkt. # 19-3, at p.44-45].  Given the serious nature of the underlying offense which returned Defendant to prison while he was previously on supervised release, Defendant's extensive criminal history and past anti-social behavior, prior poor adjustment to supervisory sentences, and the need for specific and general deterrence, the 3553(a) factors do not warrant a reduction of Defendant's term of supervised release on the record as a whole.

### 4. Defendant's remaining motion

Given that Defendant is no longer in custody, the Court will hereby deny his pending Motion for Compassionate Release [Dkt. No. 25] as moot.

### Conclusion

For the reasons contained herein, Defendant's Motion for Reduction of Sentence Under the First Step Act [Dkt. No. 15]

will be denied.  Defendant's Motion for Release from Custody [Dkt. No. 25] will be denied as moot. [Dkt. No. 26].

An accompanying Order shall issue.


Dated: March 11, 2022                /s Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.